UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JASON E. MIZE, )
)
    Plaintiff, )
)
v. ) No. 3:11-00065
) JUDGE HAYNES
)
INNOCENTES SATOR, et al., )
)
    Defendants. )

# ORDER

On March 3, 2011, the Court entered an Order (Docket Entry No. 32) denying Plaintiff's application to proceed *in forma pauperis* based upon Plaintiff having previously filed at least three civil actions in federal court that were dismissed for being frivolous or for failure to state a claim. The three actions are: Mize v. Phelps, et al., Civil Action No. 2:99-2099 (W.D. Tenn.) (dismissed as frivolous on 2/11/99); Mize v. Dr. Paul Williams, Civil Action No. 2:06-0259 (E.D. Tenn.) (dismissed for failure to state a claim on 7/23/07); and Mize v. Woosley, et al., Civil Action No. 4:10-0119 (W.D. Ky.) (dismissed for failure to state a claim on 10/26/10). Plaintiff contends that the Court cannot consider civil action 4:10-0119 as a third strike because he timely filed his motion to alter or amend the Western District of Kentucky Court's order, see Mize, 4:10-cv-0119 (W.D. Ky. April 6, 2011) (Docket Entry No. 15), and Plaintiff's motion was still pending as of March 3, 2011.

"A timely motion to alter or amend a judgment suspends the finality of the judgment." 12 James Wm. Moore et al., Moore's Federal Practice § 59.52[1] (3d ed. 2010) at 59-136; 12 Moore's Federal Practice § 59.32[1] at 59-126 ("A timely post-judgment motion eliminates the finality of,

and reopens, the earlier judgment."). As Plaintiff timely filed his motion to alter or amend the Western District of Kentucky Court's order and Plaintiff's motion was still pending as of March 3, 2011, the Kentucky district court's order was not final for purposes of the three strikes rule.

Yet, the district court in the Western District of Kentucky has since denied Plaintiff's motion to reconsider. See Mize, 4:10-cv-0119 (W.D. Ky. April 6, 2011) (Docket Entry No. 25). Thus, Plaintiff's contention that the Court cannot consider civil action 4:10-0119 as a third strike is moot. Further, Plaintiff's contention that the Court cannot consider civil action 4:10-0119 as a third strike while on appeal to the Sixth Circuit is without merit. The "'pendency of an appeal does not, in itself, disturb the finality of a judgment.'" National Labor Rel. Bd. v. Cincinnati Bronze, Inc., 829 F.2d 585, 588 (6th Cir. 1987) (citation omitted); Simpson v. Pramstaller, No. 1:10-cv-260, 2010 WL 1433409, at *4 (W.D. Mich. March 31, 2010) (concluding that under the plain language of 28 U.S.C. § 1915(g), "[t]he legislature plainly contemplated that the dismissal of an action was itself a strike," and that "the statute does not provide an exception for a dismissal that has been appealed. . . . Moreover, a judgment of dismissal by a district court is final and should be given full effect, unless stayed upon appeal [under Fed. R. Civ. P. 62]."). Plaintiff has not obtained a stay of the dismissal in civil action 4:10-0119. Accordingly, the district court's denial of Plaintiff's complaint in civil action 4:10-0119 is a final order and counts as a third strike against Plaintiff under 28 U.S.C. § 1915(g).

Accordingly, Plaintiff's motion to reconsider (Docket Entry No. 36) is **GRANTED** and the Court's Order (Docket Entry No. 32) is **VACATED**. Plaintiff's application to proceed *in forma pauperis* (Docket Entry No. 2) is **DENIED** under 28 U.S.C. § 1915(g). Plaintiff's motion for order

to show cause (Docket Entry No. 35), motion to stay proceedings (Docket Entry No. 37) and motion for court order (Docket Entry No. 40) are **DENIED as moot.**

Plaintiff is **GRANTED** thirty (30) days from the date of entry of this order on the docket in which to remit the full filing fee of three hundred fifty dollars ($350.00). Plaintiff is forewarned that, should he fail to comply with the instructions of the Court, the full amount of the filing fee will be assessed against him and collected from his inmate trust account, and this action will be dismissed for want of prosecution.

It is so **ORDERED.**

**ENTERED** this the 3rd day of June, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge